UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD D. DUVALL,

   Petitioner,

v.   CASE NO. 06-CV-15092
   HONORABLE DENISE PAGE HOOD

MARY BERGHUIS,

   Respondent.
               /

**ORDER DENYING MOTION TO HOLD HABEAS PETITION IN ABEYANCE**

**I. Introduction**

Donald Duvall ("Petitioner"), an inmate at the Brooks Correctional Facility in Muskegon Heights, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for two counts of first-degree murder, which were imposed following a jury trial in the Oscoda County Circuit Court in 2003. Petitioner was sentenced to life imprisonment without the possibility of parole on those convictions.

In his current habeas pleadings, Petitioner raises claims concerning the admission of hearsay testimony, the jury instructions on other acts evidence, and the effectiveness of trial counsel. This matter is before the Court on Petitioner's motion to hold his habeas case in abeyance so that he may return to the state courts and exhaust state remedies as to additional issues. For the reasons set forth below, the Court denies Petitioner's motion.

**II. Procedural History**

Following his convictions and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals, raising several claims, including those contained in his present petition. The Court of Appeals affirmed his convictions and sentence. *People v. Duvall*, No. 252720, 2005 WL 1249238 (Mich. App. May 26, 2005) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Duvall*, 474 Mich. 937, 706 N.W.2d 18 (Nov. 29, 2005). Petitioner signed the instant habeas petition on November 3, 2006. Petitioner has recently filed a letter with the court stating that he sent a motion for relief from judgment to the state trial court on March 13, 2007.

### III. Discussion

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon all of Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

Having considered the matter, the Court finds that it is not appropriate to stay this case as requested. A federal district court has discretion in "limited circumstances" to stay a mixed

habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 1534-35 (2005). For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking federal habeas relief due to the application of the one-year statute of limitations. *Id*. at 1533. Stay and abeyance is only appropriate when a district court determines that the petitioner has shown good cause for the failure to first exhaust the claims in state courts, the petitioner's unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id*. at 1535.

In this case, Petitioner has not shown the need for a stay. First, his current claims appear to be exhausted and the one-year limitations period applicable to habeas actions does not pose a concern. *See* 28 U.S.C. § 2244(d)(1). The Michigan Supreme Court denied relief on Petitioner's direct appeal on November 29, 2005. Petitioner then had 90 days in which to seek a writ of certiorari with the United States Supreme Court. *See* Sup. Ct. R. 13(1). With regard to the statute of limitations, therefore, his conviction became final on or about February 27, 2006 – 90 days after the Michigan Supreme Court denied leave to appeal. Petitioner then had one year in which to file his federal habeas petition or seek additional state court review. The time during which a properly filed application for state post-conviction or other collateral review is pending in the state courts statutorily tolls the one-year period. *See* 28 U.S.C. § 2244(d)(2). Petitioner dated his federal habeas petition on November 3, 2006. At that point, only 249 days of the one-year period had expired. While the time in which his habeas case has been pending before this Court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such

3

time is equitably tolled by this Court. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). Given that 116 days of the one-year limitations period remain, Petitioner has sufficient time to exhaust additional issues in the state courts and return to federal court to pursue those issues upon habeas review.

Second, Petitioner has not set forth his potential new claims for the Court to make any determination as to whether they are or are not "plainly meritless." Third, Petitioner has failed to set forth any reasons for his failure to previously exhaust his additional claims in the state courts before filing his federal habeas petition. Consequently, the Court is also unable to determine whether there has been any intentional delay by Petitioner. Given such circumstances, a stay of this matter is unwarranted.

## IV.     Conclusion

For the reasons stated, the Court **DENIES** Petitioner's motion to hold his habeas case in abeyance. Should Petitioner wish to have the Court dismiss the present petition, which contains exhausted claims, so that he may pursue additional issues in the state courts, he may move for a non-prejudicial dismissal of his petition within **30 days** of the filing date of this order. If he does not do so, the Court shall proceed on the claims contained in the present petition.

**IT IS SO ORDERED**.

s/ DENISE PAGE HOOD  
DENISE PAGE HOOD  
UNITED STATES DISTRICT JUDGE

DATED: September 28, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record and Donald D. Duvall, Reg. No. 476526, 2500 S. Sheridan DR., Muskegon, MI 49444 on September 28, 2007, by electronic and/or ordinary mail.

S/William F. Lewis  
Case Manager